In re Don H. COCHONOUR, Debtor.

Don H. Cochonour, Plaintiff,

v.

Jay E. Hayden Foundation, an Illinois charitable not-for-profit corporation, Defendants.

Jay E. Hayden Foundation, an Illinois charitable not-for-profit corporation, Counter–Claimant and Cross–Claimant,

v.

Don H. Cochonour, Counter–Defendant,

and

First Crawford State Bank, Counter–Defendant.

Bankruptcy No. 03–60750.
Adversary No. 03–6037.

United States Bankruptcy Court, S.D. Illinois.

March 10, 2004.

---

Joel A. Kunin, The Kunin Law Offices LLC, East St. Louis, IL, for Debtor/Counter–Defendant.

Sabrina M. Petesch, Peoria, IL, for United States Trustee.

Steven L. Blakely, Acton and Snyder, Danville, IL, Jay R. Holtzhouser, Robinson, IL, for Defendants.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on a Motion to Dismiss Counterclaim and Cross–Claim to Avoid Fraudulent Transfer and Cross–Claim for Marshaling filed by Debtor/Plaintiff, and Jay E. Hayden Foundation's Response to Debtor's Motion to Dismiss Counter–Claim and Cross–Claim; the Court, having reviewed written memoranda filed by the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

In his Motion to Dismiss Counterclaim and Cross–Claim to Avoid Fraudulent Transfer and Cross–Claim for Marshaling, the Debtor/Plaintiff argues that the counter-claims and cross-claims of Defendant, Jay E. Hayden Foundation should be dismissed as being barred by the applicable statute of limitations found in the Uniform Fraudulent Transfer Act, 740 ILCS 160/1, et seq., and/or its predecessor statute S.H.A., Chap. 59, para. 4. In response, the Counter–Claimant/Cross–Claimant has asserted that, by virtue of the discovery rule and fraudulent concealment, the counter-claim and cross-claims were timely filed.

A review of the statutory and case authority cited by the Counter–Claimant/Cross–Claimant in its Memorandum of Law in Opposition to Counter–Defendant's Rule 12(b)(6) Motion to Dismiss leads the Court to conclude that there is an issue of fact as to whether the causes of action represented in the counter-claims and cross-claims were fraudulently concealed; thus, tolling the statute of limitations. Given this issue of fact, the Court finds that the question of whether the Jay E. Hayden Foundation reasonably could have discovered its causes of action during the limitation period must be resolved by trial. See: Sperry v. Barggren, 523 F.2d 708 (7th Cir.1975). Furthermore, the Court finds that there are factual issues concerning the application of Illinois' discovery rule which may also bring the counter-claims and cross-claims within the applicable limitations. For these reasons, the Court finds that the Motion to Dismiss Counterclaim and Cross–Claim to Avoid Fraudulent Transfer and Cross–Claim for Marshaling must be denied.

*ORDER*

For the reasons set forth in an Opinion entered on the 10th day of March 2004;

IT IS HEREBY ORDERED that:

A. Motion to Dismiss Counterclaim and Cross–Claim to Avoid Fraudulent Transfer and Cross–Claim for Marshaling is *DENIED;*

B. Counter–Defendant, Don H. Cochonour, is directed to file an answer to Jay E. Hayden Foundation's First Amended Counter–Claim and Cross–Claim within 14 days of the date of this Order; and,

C. A pre-trial hearing is scheduled on the First Amended Counter–Claim and Cross–Claim for April 30, 2004, at 9:00 a.m., in the County Office Building, 1st Floor Courtroom, 101 North 4th Street, Effingham, Illinois.